## COMMONWEALTH *vs.* JOHN C. DENNIS.

An attempt to commit suicide is not indictable in this Commonwealth.

INDICTMENT for attempting to commit suicide. In the superior court, before the jury were empanelled, the defendant filed, ana *Dewey*, J., overruled, a motion to quash the indictment, for the reason, among others, that it did not set forth any crime punishable by the laws of the Commonwealth. On the trial the defendant was found guilty, and alleged exceptions.

*H. L. Parker*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

COLT, J. In this Commonwealth, the whole matter of punishments for all attempts to commit an offence prohibited by law, when no express provision is otherwise made, has been subject to revision by statute. Gen. Sts. *c.* 168, § 8. The degree of punishment for the attempt is measured by the character of the offence attempted and the punishment attached to it; all offences punishable by death, imprisonment and fine are included, and are alone included ; and it is provided that in no case, where the offence is punishable by imprisonment, shall punishment for the attempt exceed one half of the greater punishment which might have been inflicted if the offence attempted had been committed. The attempt to commit suicide is thus left without punishment, because the act itself could never be punished by any of the modes stated.

By a well established rule of the construction of statutes, the common law is held to be repealed by implication, when the whole subject has been revised by the legislature. *Commonwealth* v. *Cooley*, 10 Pick. 37. *Commonwealth* v. *Marshall*, 11 Pick. 350. *Lakin* v. *Lakin*, 2 Allen, 45. This rule requires us to look to the statute alone for the punishment, if any, affixed to the act here indicted. If it is not there made punishable, it is enough, whatever the reason which induced its omission. The end of punishment is the prevention of crime, and it may have been thought at least impolitic to punish an attempt to do that

which is itself dispunishable, when the direct effect of the penalty must be to increase the secrecy and efficiency of the means employed to accomplish the end proposed.

An attempt to commit suicide is therefore not indictable in this Commonwealth. The case of *Commonwealth* v. *Bowen*, 13 Mass. 356, does not conflict with this. There the prisoner was indicted for advising another to kill himself, and the advice was acted upon in his presence. The jury must have found, under instructions, that the advice was influential, and the defendant was properly convicted as principal. It can make no difference in principle, whether the hand of the victim or the hand of another agent is employed, if the act be done in the presence of the person charged and at his instigation.     *Exceptions sustained.*