· JAMES MAY, Petitioner, *vs.* WILLIAM M. PENNELL.

Cumberland.    Opinion August 11, 1906.

*Suicide.   Attempt to Commit.   Same not Indictable.   "Body of Liberties," 1641. Colony Act, 1660.   Penal Code, N. Y., 1881, § 178.   Penal Code, Hawaii, 1868, 24 & 25 Victoria, 100.   R. S., c. 132, § 9; c. 136, § 1.*

An attempt to commit suicide is not an indictable offense in the State of Maine.

On exceptions by plaintiff.    Sustained.

Petition for writ of habeas corpus.    The plaintiff was indicted in the Superior Court, Cumberland County, for an attempt to commit suicide, and upon conviction he was sentenced to imprisonment, at hard labor, in the county jail for the term of eleven months, and was committed in execution of said sentence.

The plaintiff then presented to a justice of the Supreme Judicial Court, in vacation, his petition for a writ of habeas corpus to obtain his release from imprisonment on the ground that the act charged in the indictment is not a crime in the State of Maine, and that the aforesaid sentence inflicted upon him was not warranted by law.

The justice hearing the matter, ruled pro forma that the plaintiff was not entitled to a discharge from imprisonment, and thereupon the plaintiff excepted.

The case fully appears in the opinion.

*William H. Connellan,* for plaintiff.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, JJ.

WHITEHOUSE, J. The petitioner was indicted in the Superior Court for Cumberland County for the alleged crime of attempting to commit suicide, and upon conviction was sentenced at the May term 1906 to imprisonment at labor in the county jail for the term of eleven months. Thereupon he presented to a single justice his peti-

tion for a writ of habeas corpus, to obtain a release from imprisonment on the ground that the act charged in the indictment is not a crime in this state, and that the sentence inflicted upon him was not warranted by law. The justice overruled this contention pro forma, and refused to discharge the petitioner. The case comes to the Law Court on exceptions to this ruling.

By the early common law of England, suicide was ranked among infamous crimes and held to be a " species of felony." It was punished by a forfeiture to the king of the goods and chattels of the felo de se, and an ignominious burial in the highway with a stake driven through his body. 4 Bl. Com. 189. But aside from the mental suffering which might thus be inflicted upon innocent surviving relatives of the suicide by a desecration of his body, it was not in the power of human tribunals to impose any other punishment than the forfeiture of his estate ; and " since forfeitures for crime are not practiced in our states," says Mr. Bishop, " suicide is not practically an offense with us." Bish. Cr. law, 1, sect. 512 ; 2, sec. 1187. No case has been brought to the attention of the court in which it has been held in any of the United States that suicide is a punishable offense. Although it may be deemed ethically reprehensible and inconsistent with the public welfare, it has never been declared by the legislature or held by the court of this state, to be such a public wrong as will subject the doer to legal punishment. Section one of chapter 136 of the Revised Statutes declares that " when no punishment is provided by statute, a person convicted of an offence shall be imprisoned for less than one year or fined not exceeding five hundred dollars." But even if suicide is deemed to be criminal as malum in se, neither of the penalties specified in this statute can be inflicted upon one whose life is ended.

Nor is there any statute in this state which constitutes an attempt to commit suicide a substantive offense or makes it subject to legal punishment. Section nine of chapter 132, R. S., provides as follows: " Whoever attempts to commit an offence, and does anything towards it, but fails, or is interrupted, or is prevented in its execution, where no punishment is expressly provided for such attempt, shall, if the offence thus attempted is punishable with imprisonment for life, be

imprisoned for not less than one, nor more than ten years; and in all other cases, he shall receive the same kind of punishment that might have been inflicted, if the offence attempted had been committed, but not exceeding one-half thereof." But here again it is obvious that cases of suicide were not within the contemplation of the legislature in the enactment of this statute. As no penalty of any kind is attached to suicide if actually committed, there could be no punishment whatever by force of this statute for an attempt to commit it.

In the absence of any statute in this state expressly making an attempt to commit suicide a punishable offense, it is therefore difficult to discover any satisfactory ground upon which the sentence in this case can rest; for it would appear to be a palpable solecism in the law to declare that a mere attempt to commit an act which is not penal, is itself punishable.

It is suggested, however, that inasmuch as suicide was a " species of felony " by the common law of England, and an attempt to commit suicide was there held to be a misdemeanor it became incorporated in the common law of Massachusetts as a substantive offense, and in this state is subject to the provisions of section one of chapter 136 R. S., above quoted, declaring that " when no punishment is provided by statute, a person convicted of an offense shall be imprisoned less than one year, or fined etc."

The only English cases that have been cited in any of the text books or cyclopædias as authority for the doctrine that an attempt to commit suicide was a misdemeanor by the common law of England, are *Reg.* v. *Doody*, 6 Cox's Cr. Cases, 463, and *Reg.* v. *Burgess*, 9 Cox's C. C. 247. The former case is simply the report of a nisi prius ruling at a trial in which the prisoner was not defended by counsel. In the latter case the defendant pleaded guilty, and the question reserved for the court of criminal appeals was primarily one of jurisdiction. It was contended in behalf of the defendant that an attempt to commit suicide was an attempt to commit murder within the meaning of chap. 100 of 24 and 25 Victoria, and hence was not within the jurisdiction of the county assizes ; but the court held that though suicide was deemed a felony in England, it was not murder within the meaning of the act named, and that the attempt to commit

suicide was a misdemeanor and within the jurisdiction of that court; but sentence was respited.

"An attempt," says Mr. Bishop " is an intent to do a particular thing which the law either common or statutory, has declared to be a crime, coupled with an act towards the doing of it." 1 Bish. Cr. L. sec. 728; while a substantive offense is one depending on itself alone and not on another offense to be first established by the conviction of the person who directly committed it." 1 Bish. C. L. sec. 696. It is not claimed that the attempt to commit suicide was ever made a substantive offense by any act of the British parliament, and there is no suggestion in the brief oral utterances of the judges in the English cases above cited, that the misdemeanor of which the defendant was in each instance there convicted, was other than the ordinary attempt to commit a punishable felony; it is not suggested that it was a substantive offense by the law of England. If the accomplished act of suicide had not there been a punishable crime, the attempt to commit the act could not have been held to be a punishable misdemeanor. For it has been seen that an attempt involves an "intent to do a particular thing which the law declares to be a crime," and the word "crime" or "offense" as ordinarily used in legislative enactments, by text-writers on criminal law and in the practical administration of it by the courts, uniformly signifies a public wrong which subjects the perpetrator to legal punishment. Standard Dict.; 1 Bish. Cr. L. 32. In accordance with this view is the statement of Mr. Bishop, as above shown, that suicide is "not practically an offence with us." But an attempt to commit an act which is not "practically a crime" is not itself "practically criminal," because not punishable. In Massachusetts forfeitures were abolished by the "Body of Liberties" of 1641, the statute providing for an ignominious burial of the suicide fell into disuse at the close of that century and the Colony Act of 1660 was repealed in 1823. Thus the common law of England upon this subject was modified in Massachusetts, and suicide ceased to be a punishable offense. The ground work for the English doctrine that an attempt to commit it was a misdemeanor was thus removed. If it was a misdemeanor by the common law of England, it ceased to be such under the law of

Massachusetts and has never been recognized as a part of the common law of Maine. "Reason is the soul of the law," says Lord Coke, "and when the reason changes the law also changes." 7 Coke, 7. Although there have been attempts to commit suicide in great numbers in the history of both Massachusetts and Maine, in no instance, which this court has been able to discover, has there been a conviction of such an attempt before any court prior to the case at bar.

In *Com.* v. *Dennis,* 105 Mass. 162, it was distinctly held that "an attempt to commit suicide was not an indictable offence in that Commonwealth;" but the decision rests upon the construction of their statutes, which, however, are in substance and effect precisely like our own. In the opinion the court say: "In this commonwealth the whole matter of punishments for all attempts to commit an offence prohibited by law, where no express provision is otherwise made, has been subject to revision by statute." After stating the provision of the statute, in terms like sect. 9, chap. 132 of our statutes above quoted, the court add: "The attempt to commit suicide is thus left without punishment, because the act itself could never be punished by any of the modes stated. By a well established rule of the construction of statutes, the common law is held to be repealed by implication, when the whole subject has been revised by the legislature. *Commonwealth* v. *Cooley,* 10 Pick. 37; *Commonwealth* v. *Marshall,* 11 Pick. 350; *Lakin* v. *Lakin,* 2 Allen 45. This rule requires us to look to the statute alone for the punishment, if any, affixed to the act here indicted. If it is not there made punishable, it is enough, whatever the reason which induced its omission. The end of punishment is the prevention of crime, and it may have been thought at least impolitic to punish an attempt to do that which is itself dispunishable, when the direct effect of the penalty must be to increase the secrecy and efficiency of the means employed to accomplish the end proposed."

It is true that in *Com.* v. *Mink,* 123 Mass. 422, it was held that suicide must still be deemed criminal as malum in se, and although an attempt to commit it is not punishable, yet a person who in attempting to commit it accidentally kills another who is trying to

prevent its accomplishment is guilty of manslaughter. But Chief Justice Gray, who drew the opinion in the latter case appears to have concurred in the former, and expressly states in his opinion that the conclusion reached in *Com*. v. *Mink* is not affected by the fact that the legislature, having in the general revision of the statutes measured the degree of punishment prescribed for attempts to commit offences, by the punishment prescribed for each offense if actually committed, has intentionally or inadvertently, left the attempt to commit suicide without punishment, because the completed act would not be punished in any manner," citing the former case of *Com* v. *Dennis*, 105 Mass.

The question arose under the penal code of Hawaii in 1868, upon a demurrer to an indictment for an attempt to commit suicide, and the demurrer was sustained and the indictment quashed. In the opinion of the court published in 2 American Law Rev. 794, Chief Justice Allen says in conclusion. "The wisdom of legislative bodies has never deemed it wise to make a provision to apply to the act charged against the defendant, and we are of opinion that we should be slow to give an entirely new construction to the code concerning murder, and to impose a punishment never contemplated and of the wisdom of which the framers of the law have not as yet expressed a favorable opinion. . . . . We find no statute of any country nor any provision of the common law which will sustain this indictment."

By section 178 of the penal code of New York, however, enacted in 1881, "Every person guilty of attempting suicide is guilty of felony, punishable by imprisonment in a state prison not exceeding two years or by fine not exceeding one thousand dollars, although no forfeiture is imposed in the case of the "successful perpetrator." These sections of the New York code are incorporated in the codes of North and South Dakota. But these provisions appear to have fallen into utter disuse; for we have been unable to find any reported convictions for this offense in either state since the adoption of this code. And although there have doubtless been innumerable attempts to commit suicide in the United States, no instance has been discovered in which there has ever been a conviction for this offense on

either statutory or common law grounds, prior to that in the case at bar.

It is accordingly the opinion of the court that an attempt to commit suicide is not an indictable offense in this state, and that the entry should be,

<div align="right">

*Exceptions sustained.*
*Prisoner discharged.*