STATE OF IOWA, Appellee, v. JAMES S. CAMPBELL, Appellant.

No. 41603.

DECEMBER 12, 1933.

REHEARING DENIED APRIL 5, 1934.

Paul Toomey, for appellant.

Edward L. O'Connor, Attorney-general, Walter F. Maley, Assistant Attorney-general, and F. B. Olsen, County Attorney, for appellee.

ALBERT, C. J.—To a fair understanding of the question involved herein, the following facts are gleaned from the record:

The defendant and one Annabel Gross had been keeping company, and, at the time in question, he called at the house where she was and asked her to go with him. She refused. He then said, in substance, that he would "end it all," and reached for his revolver. She started to tussle with him, and the revolver was discharged, and she sat or fell on the bed. She was hit by two bullets from the revolver, and later died.

The only question raised in the case is as to the correctness of the following instruction:

"Evidence has been introduced in this case tending to show that at the time and place alleged in the indictment, the defendant was intending to commit suicide, and that at said time and place he drew his revolver from his pocket with the intention of accomplishing that purpose; that Annabel Gross, seeing such attempt about to be made, interfered and tried to prevent the defendant from committing suicide, and that a struggle ensued between them, and that in the struggle the defendant's revolver was discharged and that in that way the fatal wound was inflicted upon the said Annabel Gross. You are instructed that in the eye of the law suicide is an offense; it is an unlawful act; and if a man, with a deadly weapon, undertakes to take his own life he is doing an unlawful act, and if in the commission or attempted commission of that act, he takes

the life of an innocent party, then in the eye of the law that is murder. You are therefore instructed that if you find from the evidence beyond a reasonable doubt, that at the time and place alleged in the indictment, the defendant was intending to commit suicide, and that he did then and there attempt to commit suicide, then he was guilty of attempting an unlawful act, and if you find in the manner herein instructed that a struggle ensued between the defendant and the said Annabel Gross, in which said Annabel Gross attempted to prevent the defendant from committing suicide, and that in said struggle the defendant, while attempting to commit suicide, discharged his said revolver into the body and person of the said Annabel Gross, then and there, inflicting upon the body and person of the said Annabel Gross a mortal wound, of which mortal wound and injury so inflicted she, the said Annabel Gross, then and there did die, then the said defendant was guilty of murder."

It is first urged that an attempt to commit suicide is not an unlawful act under the law of this state. Neither the attempt to commit suicide nor suicide is a prohibited act under the Code of this state. The question, therefore, resolves itself into what is the meaning of the words "unlawful act" as used in this instruction. Webster's New International Dictionary defines "unlawful" as follows: "Not lawful; contrary to law." "That which is contrary to law." Black's Law Dictionary. The same definition is given in Rawle's Edition of Bouvier's Law Dictionary. "Unlawful implies that an act is done or not done as the law allows or requires." Anderson's Law Dictionary.

It is apparent from these definitions that an act, to be unlawful, must be contrary to law. This definition presupposes that there must be an existing law, else the act could not be contrary to law.

It is true that at common law, under an act of Parliament, suicide was a felony, and the property of the *felo de se* was forfeited to the Crown, and he was ignominiously buried in the public highway and a stake driven through his body. Such a provision does not exist under the Code of Iowa. It is true that in some states the attempt to commit suicide is made a crime and is punishable as such, but unless so made by statute, suicide is not an unlawful act, and it is so held by the Supreme Court of New York in the case of Darrow v. Family Fund Society, 116 N. Y. 537, 22 N. E. 1093, 6 L. R. A. 495, 15 Am. St. Rep. 430. There being no statute in this

state prohibiting suicide or the attempt to commit suicide, under the foregoing definitions it cannot be held that the attempt to commit suicide, charged against the defendant in this instruction, was an unlawful act.

Two cases are cited, however, which deserve some attention.

The first is Commonwealth v. Mink, 123 Mass. 422, 25 Am. Rep. 109. The fact situation in that case is almost identical with the fact situation in the present case. The common-law rule of England is there discussed, and prior statutes and decisions of the Massachusetts Supreme Court are also discussed, and it is held that suicide continues to be *malum in se* and a felony by reason of certain provisions of their statutes. It is then said:

"Since it has been provided by statute that 'any crime punishable by death or imprisonment in the state prison is a felony, and no other crime shall be so considered,' it may well be that suicide is not technically a felony in this Commonwealth. * * * But being unlawful and criminal as *malum in se,* any attempt to commit it is likewise unlawful and criminal. Every one has the same right and duty to interpose to save a life from being so unlawfully and criminally taken, that he would have to defeat an attempt unlawfully to take the life of a third person. * * * And it is not disputed that any person who, in doing or attempting to do an act which is unlawful and criminal, kills another, though not intending his death, is guilty of criminal homicide, and, at the least, of manslaughter. The only doubt that we have entertained in this case is, whether the act of the defendant, in attempting to kill herself, was not so malicious, in the legal sense, as to make the killing of another person, in the attempt to carry out her purpose, murder, and whether the instructions given to the jury were not therefore too favorable to the defendant."

In the above-entitled case the defendant was convicted of manslaughter, and not murder. Even at common law it is held that an attempt to commit suicide is not an attempt to commit murder within the meaning of the sections of the act referred to. Regina v. Burgess, 9 Cox Rep. (Crim. Cases) 247.

The Mink case, above referred to, is commented on in State v. Levelle, 34 S. C. 120, 13 S. E. 319, 27 Am. St. Rep. 799, loc. cit. 808. Similar to the holding in the Mink case, the South Carolina case quotes certain provisions of their statute, and suicide is ex-

pressly recognized "as retaining its common-law character as a felony."

The Illinois Supreme Court had before it this question in the case of Burnett v. People, 204 Ill. 208, 68 N. E. 505, 66 L. R. A. 304, 98 Am. St. Rep. 206, and in relation thereto said:

"By the English common law suicide was a felony, and the punishment for him who committed it was interment in the highway with a stake driven through the body, and the forfeiture of his lands, goods, and chattels to the king. We adopted the English common law, and the acts of the British Parliament in aid thereof, as it existed up to the fourth year of James I, which was the year 1606, as far as the same was applicable to our conditions and institutions and of a general nature; but as we have never had a forfeiture of goods, or seen fit to define what character of burial our citizens shall enjoy, we have never regarded the English law as to suicide as applicable to the spirit of our institutions. In the view we entertain of the case at bar it is not necessary that suicide be held to be a crime."

In Wagner v. Bissell, 3 Iowa 396, loc. cit. 402, this court said:

"Unlike many of the states, we have no statute declaring in express terms, the common law to be in force in this state. That it is, however, has been frequently decided by this court, and does not, perhaps, admit of controversy. But while this is true, it must, be understood that it is adopted only so far as it is applicable to us as a people, and may be of a general nature."

In State v. Twogood, 7 Iowa 252, we said:

"It is also objected that the offense charged is not known to the law of this state. The argument is, that the offense charged has not been declared criminal by the Code, and that common law offenses, without a statutory declaration, are not punishable in this state. We have no statute declaring the common law in force in this state. That it is in force, however, has been frequently decided by our courts, and we suppose it to be no longer an open question."

Wharton's Criminal Law (12th Ed.) vol. 1, p. 801, section 581, states the law to be that:

"Killing another, unintentionally and negligently, such other being desirous of committing suicide, is manslaughter."

The authorities cited to support this, aside from the Massachusetts case, are all English cases, and the same authority is cited for the proposition that (section 582):

"As we have already seen, an attempt to commit suicide has been held to be a misdemeanor."

It is a settled rule in this state that criminal statutes are to be strictly construed, and not extended to include an offense not clearly within the fair scope of the language employed. State v. Bunn, 195 Iowa 9, 190 N. W. 155; State v. Niehaus, 209 Iowa 533, 228 N. W. 308. It is also settled in this state that there are no common-law offenses and that all crimes are statutory. State v. Banoch, 193 Iowa 851, 186 N. W. 436; State v. Flory, 203 Iowa 918, 210 N. W. 961; State v. Lamb, 209 Iowa 132, 227 N. W. 830.

A case that throws some light on this proposition is Estes v. Carter, 10 Iowa 400. There an action was brought for slander charging the plaintiff with having committed sodomy. A demurrer was overruled, and it is said:

"Besides, the statutory offenses so nearly cover all the common law offenses, that it is reasonable to infer that those which are omitted were intended to be excluded.* * * In this state the mode of punishing the crime of sodomy is not prescribed by law, and in the absence of such statutory authority the court can exercise no such power. The demurrer in this case should have been sustained."

We reach the conclusion, therefore, that under the Iowa law, suicide is not unlawful, and that an attempt to commit it as claimed in the instant case cannot be considered an unlawful act. This conclusion is in accord with the conclusion reached by the Supreme Court of Maine in the case of May v. Pennell, 101 Me. 516, 64 A. 885, 7 L. R. A. (N. S.) 286, 115 Am. St. Rep. 334, 8 Ann. Cas. 351.

This discussion is devoted wholly to the instruction given. We are not passing on the question of whether or not, under the facts in this case, the defendant could have been convicted of either murder or manslaughter by the reckless use of a deadly weapon. There was but one error assigned in the case, and we have devoted our attention to that alone.

Whether the attempt to commit suicide is a public offense as a matter of fact has nothing to do with the offense of murder. Murder is defined by statute. See section 12910 of the 1931 Code. The kill-

ing of another human being by one while he is attempting to commit suicide may amount to murder in the first degree, as defined by section 12911 of the Code. But there would be no murder in either the first or the second degree if one, while committing a public offense (except those offenses named in section 12911 of the Code), kills another, unless there is malice aforethought and the other elements necessary to constitute murder.

For the error above pointed out, in the instruction, the case is reversed.

All Justices concur.