**Fred L. PLETKA, Appellant,**

v.

**Crispus NIX, Warden, Iowa State Penitentiary at Fort Madison, Appellee.**

**No. 90–2047SI.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 8, 1991.

Decided Jan. 29, 1991.

Martha McMinn, Sioux City, Iowa, for appellant.

Thomas McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellee.

Before ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

ARNOLD, Circuit Judge.

In this habeas corpus case Fred L. Pletka, an inmate of the Iowa State Penitentiary at Fort Madison, attacks his conviction for the first-degree murder of Robert Schmeckpepper on October 6, 1977. The sole claim presented is that Pletka's counsel were constitutionally ineffective be-

cause of their failure to object to a jury instruction that, it is argued, allowed the jury to convict him of murder in the first degree without a finding of malice aforethought. The District Court [1] held, among other things, that Pletka had not demonstrated prejudice in the sense required by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and denied relief. We affirm.

■ The crucial jury instruction for purposes of this appeal is number 20. As given by the District Court in and for Woodbury County, Iowa, it read as follows:

In case No. 39220, you will first determine whether the defendant is guilty of murder in the first degree, bearing in mind the definition of murder in the first degree heretofore given you in these instructions.

Before the defendant can be found guilty of the crime of murder in the first degree as charged in the Information, the State must establish by the evidence beyond a reasonable doubt each of the following propositions:

1. That on or about October 6, 1977, in the County of Woodbury, and State of Iowa, the defendant did unlawfully stab Robert Frederick Schmeckpepper.

2. That Robert Frederick Schmeckpepper died as a result of being stabbed by the defendant.

3. That such action of the defendant was done by him with malice aforethought and willfully, deliberately and premeditatedly and with a specific intent on the part of the defendant to kill the said Robert Frederick Schmeckpepper, or that such action of the defendant was in the perpetration or attempt to perpetrate the crime of robbery.

4. That such action of the defendant was not taken by him in self-defense as that term is defined in these instructions.

If the State has proved beyond a reasonable doubt all of the foregoing propositions, then you will be warranted in finding the defendant guilty of murder in the first degree; but if the State has failed to prove any one or more of the said propositions beyond a reasonable doubt, then you will find the defendant not guilty of murder in the first degree and you will then determine whether the defendant is guilty of the crime of murder in the second degree.

Appellant's Appendix at 11–12.

The instruction, when considered alone, was erroneous. As construed by the Iowa Court of Appeals in the post-conviction proceeding brought by Pletka in the state courts, the instruction allowed the jury to convict Pletka of first-degree murder if it found that he killed Schmeckpepper in the perpetration or the attempt to perpetrate a robbery, whether or not malice was shown. The instruction required malice aforethought for a finding of willful, deliberate, and premeditated murder, but not, the Iowa court thought, for a finding of murder committed in the course of a felony. The unreported opinion of the Iowa Court of Appeals contains the following observation on the point: "It is clear that that part of paragraph 3 of instruction no. 20 relating to felony murder does omit the element of malice aforethought. It is equally clear that malice aforethought is a necessary element under the felony-murder theory." *Pletka v. State,* 88–562 (Iowa Ct.App. July 26, 1989), slip opinion 3.

We assume for purposes of this decision that Pletka's lawyers were constitutionally ineffective in not objecting to the instruction on the ground that it omitted a requirement of malice aforethought with respect to the felony-murder theory. Had this objection been made in the trial court and overruled, Pletka's conviction might well have been reversed on direct appeal to the Iowa Supreme Court. See *State v. Pletka,* 310 N.W.2d 525, 528 (Iowa 1981) (instructional error not reached for decision because not properly preserved at trial). In this collateral attack on the conviction, however, we cannot review the alleged instructional error directly. Instead, we consider it in the context of a claim of constitutionally ineffective assistance of counsel. Under the familiar *Strickland* standard,

---

1. The Hon. Charles R. Wolle, United States District Judge for the Southern District of Iowa.

petitioner must prove not only that his lawyers were constitutionally deficient, but also that their mistake actually prejudiced the defense. Prejudice, for these purposes, is defined as a reasonable likelihood that the outcome of the case would have been different. Put another way, the inquiry is whether our confidence in the verdict is undermined by the lawyers' omission. If the element of malice aforethought had been properly put to the jury with respect to both theories of first-degree murder, how likely is it that Pletka would either have been acquitted or convicted of a lesser degree of homicide?

Such a question inevitably has its subjective aspects. It is not susceptible of an answer that is demonstrably correct in a mathematical or mechanical sense. Logic unaided by the exercise of qualitative judgment can neither prove nor disprove the proposition at issue. Instead, we must carefully weigh the omission complained of in the context of the entire case and determine whether the likelihood of its having prejudiced Pletka is sufficiently great to justify overturning his conviction on collateral attack. For several reasons, we conclude that Pletka cannot meet the required burden. In the first place, although instruction number 20, when read alone, was deficient, other instructions, numbers 15 and 16, told the jury that malice was a necessary element of murder. They did not, as Pletka points out, make specific reference to felony murder, but neither did they refer specifically to willful and premeditated murder. They were general statements that malice is a necessary element of murder, in the generic sense. The presence of these instructions in the charge, while it cannot be said to eliminate completely the likelihood that the jury believed it did not have to find malice in order to convict for felony murder, certainly reduced that likelihood.

Further, the facts of this case make it fairly unlikely, in our view, that the felony-murder theory was the one selected by the jury. A general verdict of guilty of murder in the first degree was returned. We do not know whether the jury found Pletka guilty of willful and premeditated murder, felony murder, or both. But the felony committed, robbery, probably occurred as an afterthought. Under Pletka's own version of events, which the jury was entitled, though not required, to accept, Pletka did not go to the house where the killing occurred with the intention of robbing anyone. The robbery apparently took place after the murder, and as an afterthought. Pletka's theory was that he had killed in self-defense and then fled in a panic, taking a car and other items of property. The possibility that the jury thought Pletka had committed felony murder, but not willful and premeditated murder, cannot be excluded completely, but it seems slight.

Finally, as the District Court and the Iowa Court of Appeals pointed out, the State made a strong case of malice. Pletka pursued the victim even though the victim was in flight and Pletka could have left the house where the killing occurred without pursuing him. Pletka apparently stabbed Schmeckpepper in the back, cut and struck at him with a knife repeatedly, and left two wounds in the shape of an "X" on his back. It is true that there was also evidence that Pletka had been drinking heavily, and that the victim and another man had put Pletka in fear of a homosexual attack, so perhaps it was an overstatement for the Iowa Court of Appeals to say "that no real issue existed that the slaying of Robert Schmeckpepper was without malice." [88–562, (Iowa Ct.App. July 26, 1989), slip opinion 8.]. Still, the likelihood that the jury did not find malice seems to us reasonably small, and certainly not great enough to meet the *Strickland* standard.

For these reasons, the judgment upholding Pletka's conviction against collateral attack will be affirmed. We express the gratitude of the Court to Pletka's court-appointed counsel on this appeal for her able and vigorous work on behalf of her client.

Affirmed.