*Ex parte* SAMUEL ALEXANDER.

St. Louis Court of Appeals, January 21, 1890.

Criminal Law: INTERPRETATION OF PROVISION FOR FORFEITURE.
    When used in criminal law to denote a punishment for a statutory
    crime, the meaning of the word "forfeit" is equivalent to that of
    "fine." Accordingly a provision for a forfeit, in such case,
    authorizes the imposition of a fine, and imprisonment for non-
    payment of it.

*Original proceeding by habeas corpus.*

PRISONER REMANDED.

BIGGS, J., delivered the opinion of the court.

This is a proceeding by *habeas corpus* in which
Samuel Alexander alleges that he is illegally restrained
of his liberty in the jail of the city of St. Louis by the
jailor thereof.

It appears from the pleadings, and is admitted to
be true, that the petitioner was convicted under two
separate informations, filed by the prosecuting officer
in the St. Louis Court of Criminal Correction, in which
he was charged with selling lottery tickets in violation
of the law of the state. He was fined twenty-five
dollars in each case, and it was also adjudged and
ordered by the court that he should stand committed
until the fines and costs were paid. Writs of commit-
ment were issued, and, in obedience to the orders
therein, the sheriff of the city of St. Louis arrested the
petitioner, and placed him in the county jail in custody
of the jailor.

The petitioner claims that the order of judgment of
the St. Louis Court of Criminal Correction committing
him to jail, in default of the payment by him of the

fines thus imposed and the costs of the prosecutions, was unauthorized and not warranted by the statute, and that, for this reason, his incarceration in the city jail is illegal.

The petitioner was tried and convicted under section 1567 of the Revised Statutes of 1879, which is as follows : "Any person who shall sell or expose to sale, or cause to be sold or exposed to sale  *  *  *  any lottery ticket  *  *  *  within this state  *  *  *  and shall be *convicted* thereof in any court of competent jurisdiction, shall, for each and every such offense, *forfeit* and pay a sum not exceeding one thousand dollars."

It is conceded that the St. Louis Court of Criminal Correction had jurisdiction of the offense with which the petitioner was charged and of which he was convicted, and that the penalty imposed by the statute was properly recoverable under an indictment or information ; but the power of the court to enforce its judgment by committing the prisoner to jail, in default of payment by him, is denied.

The argument advanced by the petitioner is that the word "forfeit," as used in this section, is not synonymous with the word "fine," as used in other parts of the code of criminal procedure, and that, for that reason, there can be no legal imprisonment for the non-payment of a forfeiture under the provisions of section 1957 of the Revised Statutes of 1879. The meaning of the word, forfeit or forfeiture, has to be determined by the connection in which they are used. When used in civil proceedings and in connection with the enforcement of civil rights, they contemplate an ordinary civil judgment, which need not even be penal in its character, as both the supreme court and this court have decided. *Edwards v. Brown*, 67 Mo. 377, and *Greene County v. Wilhite*, 29 Mo. App. 466. But, when used in a criminal law to denote a punishment for a statutory crime, the meaning of the word is equivalent

to fine. This has been substantially decided in *Commonwealth v. Avery*, 14 Bush (Ky.) 638 ; by this court in *State v. Sellner*, 17 Mo. App. 39, and by the supreme court in *State v. Mumford*, 73 Mo. 647, where the forfeiture imposed by the statute is spoken of as a fine. It will also be noted that section 1674 of the Revised Statutes of 1879, which provides for the recovery of fines, penalties and forfeitures by indictment, treats them all as liabilities of the same character, enforceable by the same criminal process.

It results that the St. Louis Court of Criminal Correction, in sentencing the prisoner, has not exceeded its jurisdiction either as to matter, sum, place or person, and that its process was authorized by law.

All the judges concurring, it is ordered that the petitioner be remanded to custody.