## THE STATE ex rel. HOWELL COUNTY, Appellant, v. WEST PLAINS TELEPHONE COMPANY.

### Division One, February 28, 1911.

1. **PENAL STATUTE: Derelict Corporation: Failure to Make Report: Parole.** A suit on a penal statute is not a criminal, but a civil, action. Such a statute is not, therefore, a part of "the criminal laws of this State." The action authorized by Sec. 1017, R. S. 1899, to be brought in the name of the State at the relation of the county, against a corporation, to recover a fine of not less than $50, for failure to make report to the Secretary of State before July 1st of each year, stating the name of its officers, amount of stock, amount of taxes paid, etc., is a penal action or an action to recover a penalty, and the statute (Sec. 3030, R. S. 1909), authorizing such a "fine" is not a part of "the criminal laws of this State," within the meaning of those words used in the parole law.

2. ————: ————: ————: **Fine: As Meaning Penalty.** The word "fine" often has a broader meaning than mere punishment for a crime. It is sometimes used to express the idea of a penalty imposed for the violation of a law, when such violation is made neither a misdemeanor nor a felony; and in this sense it is used in the statute which requires corporations to report annually to the Secretary of State, and authorizes the county to "recover" a fine from them.

3. ————: ————: ————: **Form of Action.** The pleadings may indicate, as they do in this case, that the State has chosen to resort to a civil action as the remedy to recover the fine prescribed by the statute rather than to the criminal laws to impose a punishment, even if the statute makes the derelict act a criminal offense.

4. **PERSON: As Used in Parole Law.** The word "person," as used in the parole law, has no application to corporations.

So that where a fine is imposed upon a corporation for failure to make report to the Secretary of State of its officers, capital stock, taxes paid, etc., the fine cannot be suspended under the parole law. Parole laws have reference to natural persons —to citizens who may be incarcerated in jail or penitentiary.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED (*with directions*).

GRAVES, J.—This is an action brought by the State at the relation of Howell county against the defendant, a telephone company, under the authority of section 1017, Revised Statutes 1899 (R. S. 1909, sec. 3030).

The statute, with an immaterial change in the last revision, thus reads: ''Every incorporation to which sections 3025 to 3034, inclusive, apply, failing, within sixty days from July the 1st in each year, to make the report herein provided for, shall be subject to a fine of not less than fifty, nor more than one thousand dollars for each offense, and each succeeding thirty days of such failure shall constitute a separate offense and be subject to a like fine, which said fines shall be cumulative, and one action may be maintained to recover one or more such fines, to be recovered before any court of competent jurisdiction. No suit shall be maintained for any such offense unless brought within six months from September 1st of the year in which the report is due, which date shall be the time when such right of action accrues; and it is hereby made the duty of the Secretary of State, as soon as practicable after the first day of September in each year, to report to the prosecuting attorney of the county in which any such delinquent corporation may be located, the fact of its failure to make the required report, and the prosecuting attorney shall, at the first court term after he receives the report

from the Secretary of State, institute proceedings in the name of the State, at the relation of the county, to recover the fine or fines herein provided for, which shall be applied to the county revenue fund, except that for instituting, and prosecuting said suits the prosecuting attorney shall receive as his compensation one-fourth of the penalty collected; and in case any such suit shall be taken to either of the Courts of Appeals or the Supreme Court, then the Attorney-General is hereby required to assist the prosecuting attorney, and the Attorney-General shall also be entitled to one-fourth of the amount recovered from the corporation violating the law. The Secretary of State shall, whenever a corporation makes its report after the time provided by law for the making of such report, certify that fact to the prosecuting attorney.''

Section 1013, Revised Statutes 1899, provides that corporations like defendant shall be required to make a report to the Secretary of State, which report must contain certain stated information.

The petition in this case was in four counts. The first count charges that the corporation failed to file its report on July 1, 1905, or within sixty days thereafter. The other three counts go to subsequent offenses after September 1, 1905, as indicated by the statute above quoted. Answer was a general denial as to each count. Trial was had before the court, a jury having been waived. The court found for the relator upon the first count and entered judgment in this language:

''On this day, this cause coming on to be heard, comes plaintiffs and defendant, both by attorney, and announce ready for trial, whereupon the matters and things at issue being submitted to the court sitting as a jury, the court doth find from the evidence offered by both plaintiff and defendant that defendant was on the first day of July, 1905, and within sixty days thereafter and now is, a corporation doing business in the State of Missouri, and the court doth find on the

first count of plaintiff's petition that as such corporation defendant failed to report to the Secretary of State of the State of Missouri, on the said 1st day of July, 1905, and within sixty days thereafter, the location of its principal business office, the name of its president and secretary, the amount of its capital stock, both subscribed and paid up, the par value of its stock and the actual value of its stock at the time said report should have been made, and the cash value of its personal property and of its real estate in this State on the first of June immediately preceding, and the amount of taxes, city, county and State, paid by said defendant in this State for the year last preceding the time said report should have been made and finds for plaintiff in the sum of fifty dollars damages and costs on said first count, and the cost of this action.

"It is therefore considered, ordered, adjudged and decreed by the court that plaintiff have and recover of and from the defendant the sum of fifty dollars and costs, so found as aforesaid, and that execution issue therefor. It is further ordered by the court that the fine assessed herein be suspended under parole law upon the payment of all costs by defendant."

The court refused to find and enter judgment for relator as to the other three counts. Plaintiff objected to the paroling of the defendant as done by the judgment, supra. This is the only question pressed for consideration here. The relator says that no point is made as to the finding and judgment upon the other counts.

By appeal the case first went to the St. Louis Court of Appeals, but was certified to this court because a county was the relator and real party in interest. The sole question is, did the trial court have a right to parole the defendant under the judgment, supra, and thus preclude the county and its prosecuting attorney from collecting the fifty dollar fine therein adjudged to be due to relator. The judgment and

the case as presented are without precedent in this State, or elsewhere, so far as we know. It must find its solution in the parole laws of the State. The statute in force at the time was section 2815, Revised Statutes 1899, which reads:

"The circuit and criminal courts of this State, and the court of criminal correction of the city of St. Louis, shall have power as hereinafter provided, to parole persons convicted of a violation of the criminal laws of this State."

The questions are: (1) does the word "persons" as used in this statute include corporations, and (2) is the act violated by the defendant, strictly speaking, a part of the criminal laws of the State, or if it can be so called, is the present action a criminal action as instituted.

These two questions we shall discuss, but in inverse order.

I. To our mind the present action might be denominated a penal action or an action to recover a penalty. Not only so, but the statute upon its face seems to create such an action rather than a pure criminal action. It is true that it uses the word "fine" rather than "penalty," but in all other respects it seems to contemplate a civil action to recover a penalty.

The word "fine" is evidently used in the sense of "penalty." The statute is under the head of Corporations, and not Crimes. It nowhere declares such failure to report to be either a misdemeanor or a felony, and we have but the two general classes of crimes. The statute speaks of the pleading as a "suit," and fixes a limitation not known to either misdemeanors or felonies, i. e., in that the action is barred in six months. It provides how the suit shall be brought. It says that such "proceedings" shall be instituted "in the name of the State, at the relation of the county," a style frequently provided for in actions to recover penalties.

It has been well said in 16 Ency. Pl. and Prac., page 234: ''The comprehensive meaning given to the word 'penal' in common usage, and the indiscriminate use of the words 'penalty,' 'fine' and 'forfeiture,' make it difficult at times to determine whether a statute should be enforced by a criminal prosecution or a penal action. . . . The use of these and other technical words or phrases will frequently determine the form of action as respectively civil or criminal; but not if a different intention on the part of the Legislature must be gathered from the act taken in its entirety.''

Taking the statute as a whole it must be said that it is not strictly criminal in its nature. It was not the purpose of the law-making power to put it upon the basis of a misdemeanor, for such it would be if purely criminal. It is quite clear that the word ''fine'' was used in the sense of ''penalty.'' The word fine often has a broader meaning than the mere punishment for a crime. It is frequently used to express the idea of a penalty imposed for the violation of a law, when such violation is neither made a misdemeanor nor a felony.

In Hanscomb v. Russell, 11 Gray (Mass.) 1. c. 375, it has been well said: ''But the word 'fine' has other meanings: as appears by most of the dictionaries of our language, where it is defined as not only a pecuniary punishment, but also as a forfeiture, a penalty, etc.''

In State v. Marshall, 64 N. H. 1. c. 552, it is said: ''In the absence of any special provision as to the mode of procedure, the use of the word fine determines the form of the remedy.'' The court was discussing a statute which used the word ''fine,'' but which did not prescribe a remedy. It held that a criminal proceeding was a remedy, but clearly indicates that if the statute, as does ours, had provided for a remedy, the mere use of the word ''fine'' would not have made it a criminal case. Our statute prescribes the mode of procedure

and calls it a "proceeding" to "recover" the fine and not a "proceeding" to *punish by fine*.

To our mind this statute contemplates a civil action to recover a penalty, and is not within the clause "criminal laws of this State" as used in Revised Statutes 1899, section 2815, supra.

In Town of Indianapolis v. Fairchild, 1 Ind. l. c. 318, it has been well said: "It is held that a suit on a penal statute is not a criminal but a civil cause. [Atchison v. Everett, Cowper 382.] Such a statute, therefore, is no part of the criminal law."

It is true that in this State we have now, and had then, a statute by which a penalty could be collected by indictment or information. The statute then in force was section 2391, Revised Statutes 1899, and reads: "Whenever a fine, penalty or forfeiture is or may be inflicted by any statute of this State for any offense, the same may be recovered by indictment or information, notwithstanding another or different remedy for the recovery of the same may be specified in the law imposing the fine, penalty or forfeiture: Provided, that in all cases the fine, penalty or forfeiture shall go to the State, county, corporation, person or persons to whom the law imposing the same declares it shall accrue."

We hardly think that this statute changes the action from a civil action to recover a penalty to one criminal pure and simple. The proviso to the statute lends color to that which precedes it.

The petition and answer in the case at bar show that the State chose to resort to the civil action as the remedy rather than the criminal law, if in fact the statute makes the act a criminal offense, of which latter fact we are not convinced. So that upon the theory adopted and the remedy invoked this is not a criminal action, and the parole law would have no application.

II.  But going further, the word ''persons'' as used in the parole law has no application to corporations.  The purpose of the parole law was to place the individual criminal under the supervision of the court, to the end that a good citizen might be made of him. Such laws have reference, for obvious reasons, to our natural citizens rather than to artificial citizens.  Such laws refer to the citizen who can be incarcerated in the jail or penitentiary, and not to the citizen, artificially made, who can only respond by a fine.  The purpose of such laws is to give the courts the power to prevent first offenders from mingling with hardened criminals, and by this means, together with the supervising power of the courts, it was hoped that good citizens could be made of the first offenders, and especially of youthful offenders.

In 1907 an addition was made to the parole law (Laws 1907, p. 385; R. S. 1909, sec. 5365).  This act reads: ''When any person of previous good character shall be convicted for the first time of any felony, except murder, rape, arson or robbery, and imprisonment in the penitentiary shall be assessed by the court or jury as a punishment therefor, and sentence shall have been pronounced, the court before whom conviction was had, if satisfied that such person, if permitted to go at large, would not again violate the law, may, in his discretion, by order of record, parole such person and permit him to go and remain at large until such parole shall be terminated, as hereinafter provided:  Provided, that the court shall have no power to parole any person after he has been delivered to the warden of the penitentiary.''

This act broadened the powers of the courts, but it is a clear declaration of the Legislature of what is meant by the parole laws of the State.  A reading of this addition to the parole laws shows that the lawmakers were of opinion that such law applied to the natural citizen and not to a corporation, or artificial citizen.

We have not been favored by respondent with a brief, and the brief for the State is without citation of authority, but upon investigation we are satisfied that the trial court erred in granting a parole to the defendant herein. The cause will therefore be reversed and remanded with directions to enter a judgment for the plaintiff in the sum of fifty dollars without any benefit of the parole laws of the State.

All concur except *Valliant, J.*, absent.