Argued October 27, reversed and remanded
with instructions December 24, 1969

STATE OF OREGON, *Respondent, v.*
LEE JOHNSON, *Appellant.*

462 P. 2d 687

*John R. Faust, Jr.,* Portland, argued the cause and filed the briefs for appellant.

*Gary D. Gortmaker,* District Attorney, Salem, filed the brief for respondent.

SCHWAB, C. J.

Appellant Johnson was the successful candidate for the office of Attorney General of Oregon in the general election held November 5, 1968. Johnson was subsequently indicted and tried before a judge for failing to file with the Secretary of State, within 15 days after the election, a sworn statement of personal campaign contributions and expenditures as required by ORS 260.060. The facts of the case were undisputed and, for the most part, were introduced on stipulation of the parties.

After the election, Johnson signed a blank statement form furnished the candidates by the Secretary of State. The form was filled in and filed by assistants. The assistant who filed the statement noticed Johnson had not sworn to it before a Notary Public as required by the statute. The assistant arranged to

have the statement notarized in Johnson's absence. The statement was then filed with the Secretary of State within the 15-day period.

In January 1969, Johnson filed a second statement. This second statement was a properly sworn and notarized statement. It contained the same information as the first statement. The accuracy of the information is not in question.

It is conceded by Johnson that the first statement was not in statutory form because it was not a sworn statement, and that the second statement was not filed within the 15-day period.

The trial court found that Johnson had acted in good faith but that he had violated the statute. It entered a judgment stating defendant had "violated the provisions of ORS 260.060" and "suspended" the "penalty or assessment," provided in ORS 260.060(2).

It is from this judgment that Johnson appeals.

■ The court below was correct in finding Johnson had violated ORS 260.060 by failing to file the required statement within the statutory period. However, this does not resolve the appeal, because appellant has raised the additional question of whether late filing is a crime.

A crime is defined in ORS 161.020 as follows:

"A crime or public offense is an act or omission forbidden by law and punishable upon conviction by any of the following punishments:

"(1) Imprisonment.
"(2) Fine.
"(3) Removal from office.
"(4) Disqualification to hold and enjoy any office of honor, trust or profit under the Constitution or laws of this state."

Oregon, as do other jurisdictions, has hundreds of regulatory statutes which provide criminal penalties for their violation, and many others which provide only civil penalties. See Beckett, *Criminal Penalties in Oregon,* 40 Or L Rev 1 (1960).

> "* * * Because there is no intrinsic difference between acts visited with a penalty imposed under criminal procedure and those dealt with under civil procedure, scholars have long been perplexed to define crime in such a way as to distinguish it from civil offense or to state principles to guide such a discrimination." Gausewitz, *Criminal Law—Reclassification of Certain Offenses as Civil Instead of Criminal,* 12 Wis L Rev 365 (1937).

The Model Penal Code (Proposed Official Draft, 1962), approved by the American Law Institute May 24, 1962, recognizes and attempts to deal with this problem. Section 1.04 provides for four categories of offenses against the state: (1) felony; (2) misdemeanor; (3) petty misdemeanor; and (4) violation. Categories (1), (2) and (3) are defined as crimes, while category (4), violation, is defined as an offense not constituting a crime. Under this Code, in order for an act to be classified as a crime it must provide for a sentence of death or imprisonment or must be labeled a felony, misdemeanor, or petty misdemeanor. The Code specifically provides that an offense not so labeled and containing no sentence other than a fine, or fine and forfeiture or other civil penalty shall not constitute a crime, and conviction of such offense shall not give rise to any disability or legal disadvantage based on conviction of a criminal offense.

With regard to the vast majority of penalty statutes in Oregon it is not difficult to determine whether the penalty is civil or criminal because language is

used which clearly labels the nature of the penalty. For example, many of the civil penalty sections provide for collection of the penalty in a civil action[1] or in an action by a private party,[2] and many of the criminal statutes describe the violation as a misdemeanor,[3] felony,[4] or crime,[5] or provide for punishment "upon conviction."[6]

ORS 260.060(2) reads as follows:

"Any candidate who fails to file such statement shall be fined $25 for every day in which he was in default, unless he is excused by the court."

When confronted with such a statute, in which there is no particular language clearly labeling the statute as civil or criminal, courts rely on other indicia in making this determination. *State v. West Plains Telephone Co.*, 232 Mo 579, 135 SW 20 (1911).

The use of the word "fine" tends to indicate this is a penalty for a crime under the definition of, crime found in ORS 161.020. But, this is the only word contained in the section which might indicate it imposes a criminal penalty. This is not a strong indication because the word "fine" is found in other penalty sections which clearly impose only civil penalties (ORS 209.990(2)—civil action for debt brought by private party; ORS 744.385—providing for collection of the fine and taxes in a single action).

The use of the phrase "unless he is excused by the court" is inconsistent with a criminal penalty. It

---

[1] E.g., ORS 91.420 and 294.990(1).
[2] E.g., ORS 209.990(2).
[3] E.g., ORS 57.992 and 59.991(2).
[4] E.g., ORS 59.991(3) and 119.990(2).
[5] E.g., ORS 226.990 and 309.990(3).
[6] E.g., ORS 311.990(1) through (6) and 319.990(1) through (3).

is unnecessary as a means of giving the court power to suspend sentence as punishment for a crime because that power is available under ORS 137.510. It would be improper if, as a part of a criminal statute, it were intended to give the court power to excuse the commission of a crime as distinguished from excusing the payment of the penalty for such commission. However, treating ORS 260.060(2) as a civil penalty statute, the provision is not improper nor is it surplusage, because, absent such language, the court would have no power to suspend the payment of the penalty no matter how much the circumstances warranted such suspension.

The section of ORS ch 260 which provides for enforcement of filing requirements provides that:

"* * * the Attorney General or district attorney shall immediately take such steps as are necessary and available to prosecute such violation in the name of the state." ORS 260.105(5).

This or similar language is common among civil penalty statutes,[2] but we have found such language in only one clearly criminal statute (ORS 399.990— labeled a criminal statute by use of the word "misdemeanor").

The reason for the absence of such language from the criminal statutes is obvious. The enforcement of all criminal statutes is vested in district attorneys by a general statute, ORS 8.660, which provides:

"The district attorney shall attend the terms of all courts having jurisdiction of public offenses within his county, and conduct, on behalf of the state, all prosecutions for such offenses therein."

---

[2] E.g., ORS 91.420 and 715.990(3).

With regard to civil penalty statutes as distinguished from criminal statutes, the legislature clearly contemplated that in some instances it would specifically provide the mechanism for prosecution of such civil penalty statutes because it provided by statute, ORS 8.680, that the district attorney should "prosecute" for all penalties and forfeitures in cases where "* * * no other mode of prosecution and collection is expressly provided by statute * * *."

Provisions imposing penalties for each day of violation are found in both civil[9] and criminal[9] statutes. But the civil statutes use language similar to that found in ORS 260.060(2), whereas, with only one exception which we have found (ORS 477.993(1) and (2) —labeled criminal by use of the words "upon conviction"), the criminal statutes reach the result by declaring each day a separate violation.

The definition of crime contained in ORS 161.020 provides that a crime is an act punishable "upon conviction." The absence of the words "upon conviction" in ORS 260.060(2) indicates the penalty is not a criminal penalty. This is particularly true in light of the fact that there are 26 other penalty sections in ORS ch 260, all of which use the words "upon conviction" to indicate they are criminal sections.

Not only is the language of ORS 260.060 different from the language in the other penalty sections of ORS ch 260, but the violation punished is of a different character. All of the other penalty sections of ORS ch 260 are for acts which might either influence the outcome of the election, e.g., bribing voters,[10] or

---

[9] E.g., ORS 714.990 and 744.385.
[9] E.g., ORS 264.990 and 321.991(2).
[10] ORS 260.680.

affirmatively prevent the investigation of violations, e.g., perjury in the filed statements,[11] or refusing to furnish information to the Secretary of State when requested to do so.[12] Late filing does neither of these.

The post-election filing requirements of ORS 260.065, 260.067, and 260.075 (governing contributors, campaign committees, etc.) are couched in language similar to the language found in ORS 260.060(1). If late filing of a statement required under ORS 260.060 were a crime, it follows that a late filing of a statement required under one of these other sections would also be a crime. But, violations of these sections would be punished under the general criminal penalty. section, ORS 260.510, which would subject such persons to a penalty of one year of imprisonment and a $5,000 fine, a much greater penalty than that imposed on candidates for the same omission—an absurd result.

If a successful candidate has violated the provisions of ORS 260.050, which limits the amount of personal funds he may use in his campaign, he can be denied election. ORS 251.025 and ORS 251.080. The first step in an investigation to determine whether there is a violation would be an examination of the statement required to be filed under ORS 260.060(1). Further, until the candidate has filed the statement, he can be denied his certificate of election. ORS 260.410(3). Thus, before there can be a final determination of an election it is necessary that the candidate file his statement. However, the election can be determined without the filing of the statements required by others. It follows, then, that the greatest need is for immediate filing by the candidate. Yet,

---

[11] ORS 260.500.
[12] ORS 260.105(6).

if failure to file within the statutory period were a crime, the penalty for late filing by persons other than the candidate would be much greater than for the late filing by the candidate himself. Interpreting ORS 260.060(2) as a civil penalty statute avoids this strange result. Since late filing is not a crime the only penalty for late filing is imposed on the candidate—the very person the legislature would most want to encourage to file immediately. This does not mean that there are no sanctions for the failure to file the statements required under the other sections in ORS ch 260. Under ORS 260.110 the court can order all persons, including candidates, to file required statements, and presumably contempt proceedings would be available against those who fail to do so. As to candidates, additional sanctions are available as pointed out above.

■■ We conclude that late filing of the statements required by ORS 260.060(1) is not a crime and the penalty imposed under ORS 260.060(2) is a civil penalty. The use of indictments is limited to criminal actions, Oregon Constitution, Art VII, § 5, therefore the indictment in this case was a nullity.

The judgment is reversed and remanded with instructions to dismiss the indictment.