**Thomas P. McDERMOTT, Respondent,**

v.

**Gus O. NATIONS et al., as Members of the Board of Police Commissioners of St. Louis County, Missouri, Appellants.**

No. 60664.

Supreme Court of Missouri, en banc.

April 10, 1979.

Rehearing Denied May 17, 1979.

Marilyn K. Wallach, Asst. County Counselor, Thomas W. Wehrle, St. Louis County Counselor, Andrew J. Minardi, Associate County Counselor, Clayton, for appellants.

Mark R. Bahn, James M. Martin, Rau & Martin, St. Louis, for respondent.

BARDGETT, Judge.

This is an appeal from the Circuit Court of St. Louis County involving a petition for review of the disciplinary action taken by appellants, members of the Board of Police Commissioners of St. Louis County (board), reducing respondent's rank in the St. Louis County Police Department and forfeiting 175 hours of respondent's accumulated compensatory time. The circuit court entered its judgment upholding the reduction in rank. However, the court set aside the forfeiture of compensatory time on the ground that such was a "fine" in derogation of art. 1, sec. 31, Mo.Const., and ordered the board to reinstate respondent's compensatory time. The board appeals.

The case involves the construction of art. 1, sec. 31, Mo.Const.; therefore, jurisdiction is in this court pursuant to art. 5, sec. 3, Mo.Const., as amended 1970.[1]

Respondent Thomas P. McDermott is a St. Louis County commissioned police officer. On February 2, 1974, respondent, along with other police officers, was given a written promotional examination. During the examination, respondent was observed

---

1. This appeal was filed prior to January 2, 1979, the effective date of the 1976 amendment to art. 5, sec. 3, and, therefore, the court retains jurisdiction under the earlier provision.

talking. A written report of the incident was prepared and forwarded to the St. Louis County Police Department Bureau of Internal Affairs. The department conducted an investigation of the matter and found respondent to have violated the department's rules and regulations.

On February 26, 1974, respondent received from the board a letter of disciplinary action reducing respondent's rank from patrolman-step 6 to patrolman-step 1 and ordering forfeiture of 175 hours of accumulated compensatory time.

Respondent appealed from the disciplinary action. A hearing was held on August 9 and 13, 1974. The hearing officer handed down findings on December 31, 1974. He found respondent had violated the rules and regulations of the department but recommended a reduction in the severity of the discipline. The board subsequently issued findings consistent with those of the hearing officer but concluded that the disciplinary action ordered was not unduly severe.

Respondent filed a petition for review pursuant to sec. 536.100, RSMo 1969, in the circuit court of St. Louis County. He asserted as grounds for reversal, *inter alia*, that the procedures afforded him at the hearing were unlawfully insufficient; that the conclusions of the hearing officer were unsupported by substantial and competent evidence; that the hearing denied him due process; and that the imposition of the forfeiture of compensatory time for services already rendered violated art. 1, sec. 31, of the constitution of Missouri.

The court sustained the reduction of respondent's rank but set aside the forfeiture of the 175 hours of compensatory time as a "fine" in derogation of art. 1, sec. 31, Mo. Const., which prohibits the passage of any law delegating to any board or other administrative agency the "authority to make any rule fixing a fine or imprisonment as punishment for its violation", and ordered the board to reinstate respondent's compensatory time.

Two issues are presented on this appeal: (1) Does the supreme court lack jurisdiction over the appeal by reason of the fact that the board's notice of appeal is from "a portion of the judgment", and (2) does the forfeiture of 175 hours of accumulated compensatory time constitute the imposition of a "fine" by an "administrative agency" such as would violate art. 1, sec. 31, Mo.Const.

## I.

Respondent contends that the supreme court does not have jurisdiction over this appeal because the board is appealing from only a portion of the judgment rendered below. Respondent relies on *Anthony v. Morrow*, 306 S.W.2d 581 (Mo.App. 1957), which states the general rule that a party may appeal from a part of a judgment only "where that part is the result of the trial of issues distinct, entire, and severable from the other issues tried." *Id.* at 583. He argues that the portion appealed from in the instant case is not severable and distinct from the rest of the judgment entered by the circuit court. Respondent supports his position by an analogy to the rules governing appeals from the magistrate courts. Only one judgment is authorized in magistrate court and any appeal must include all issues determined by the magistrate court in order to vest jurisdiction in the circuit court. *See* sec. 512.270, RSMo 1969; *Preston Plumbing, Inc. v. Melman*, 528 S.W.2d 524 (Mo.App.1975); *Gloria Lee Realty Co. v. Madigan*, 243 S.W.2d 118 (Mo. App.1951).

Appellant board counters that most of the authorities upon which respondent's contentions are based consist of appeals from magistrate court decisions and that the analogy to these decisions is not appropriate. Appellant board concedes that by statutory mandate an appeal from a magistrate court's judgment must be from the whole judgment; that no portion of such judgment is severable because the whole case is to receive a de novo hearing in the circuit court. It is the same as if the case had never been tried so far as this matter is concerned. However, appellant points to sec. 512.020 as the only statute governing the present appeal and contends that under

that statute an appeal may be had from that distinct portion of a judgment by which a party has been aggrieved, and that such has been the case here.

The judgment of the circuit court disallowed only the imposition of the forfeiture of compensatory time; however, the judgment in toto disposed of all issues and parties and was, therefore, final for purposes of appeal. Appellant was aggrieved only with respect to that part of the judgment which held appellant had no power to deprive respondent of compensatory time. Since that part is severable and distinct from the whole the appeal is appropriate under sec. 512.020 and this court has jurisdiction. The point is overruled.

## II.

Respondent contends that the forfeiture of compensatory time is equivalent to a "fine", and as such is in derogation of art. 1, sec. 31, of the constitution. The circuit court agreed with respondent and set aside the forfeiture. Appellant board asserts that the circuit court erred in its determination that this exercise of the police board's disciplinary power ran afoul of the constitutional prohibition. Admitting that forfeiture of accrued benefits here may be considered as equivalent to a monetary penalty, the board urges that the term "fine" in its particular context in the constitution is restricted to criminal penalties and, therefore, does not apply to what appellant calls a purely civil penalty imposed without regard to any criminal conduct.

The action imposing the forfeiture of 175 hours of accumulated compensatory time is outside the scope of the limitation of art. 1, sec. 31, Mo.Const. The legislative history of this section evidences an intention to exclude purely civil disciplinary action of police and fire departments from the meaning of the term "fine" as used therein.

In ordering a reduction in respondent's rank and the forfeiture of 175 hours of compensatory time, the board was acting in its role of employer disciplining its employee. Appellant board derives its power to impose discipline on employee-patrolmen,

such as respondent, from art. 6, sec. 18(a), Mo.Const., which authorizes St. Louis County to have a charter form of government. Section 4.270.7(5) of the county charter calls for the promulgation of police regulations and states that the Board of Police Commissioners shall "promulgate . . . rules and regulations for the . . . conduct and discipline of personnel of the department of police . . . ." The St. Louis County Police Department Code of Discipline and Ethics, paragraph 6.31, provides that an offense against the code may be punished by, *inter alia*, discharge, reduction in rank, fine, and loss of accumulated compensatory time off.

The question is whether the forfeiture of compensatory time pursuant to the board's disciplinary power violates the section of the constitution which provides: "That no law shall delegate to any commission, bureau, board or other administrative agency authority to make any rule fixing a fine or imprisonment as punishment for its violation." Art. 1, sec. 31, Mo.Const. In other words, the issue is whether the delegation and exercise of the authority to discipline by fines violates, in this case, the particular constitutional limitation.

A threshold question is whether the challenged forfeiture of compensatory time can even be characterized as a "fine"; if not, there is no need to go on to determine the exact parameters of the term "fine" as used in its constitutional context. Appellant board suggests that a "fine" is a pecuniary punishment imposed on a person convicted of a crime or offense, citing *Sawyer v. Barbour*, 142 Cal.2d 827, 300 P.2d 187 (Cal. App.1956), and *State v. Rumfelt*, 241 N.E. 375, 85 S.E.2d 398 (1955). *Accord*, 36A C.J.S. Fines § 1 (1961).

In the instant case, the forfeiture involves no direct exaction of money from respondent for his behavior in the examination room. Concededly, it entails the loss of something of pecuniary value, but all pecuniary losses do not constitute a "fine". For instance, suspension or reduction in rank both indirectly involve the loss of wages, yet no contention has been made that such

would be "fines". The St. Louis County Police Department Code of Discipline and Ethics, paragraph 6.31, provides as *separate* punishments available in disciplinary actions, "(c) fine" and "(f) loss of accumulated compensatory time off".

On the other hand, the pecuniary loss due to the forfeiture of compensatory time, unlike the loss stemming from suspension or demotion, is a loss of an accrued benefit. In fact, the County Police Department has given actual cash payments for such accrued compensatory time on various occasions in the past. Consequently, the forfeiture could arguably be characterized as a type of a "fine".

One other problem in characterizing the forfeiture of a pecuniary benefit as a "fine" is suggested by the language of *Sawyer v. Barbour, supra,* and *State v. Rumfelt, supra.* These cases indicate a criminal connotation may inhere in the use of the term "fine". One Missouri case, *Ex parte Alexander,* 39 Mo.App. 108 (1890), appears to lend some support. In *Alexander* the court differentiated the civil usage of the word "forfeit" from the criminal usage. It stated that when "forfeit" was used in a criminal context, the meaning was equivalent to "fine". The forfeiture of respondent's compensatory time is a wholly noncriminal matter of simple discipline. Thus, if a monetary punishment is definable as a "fine" only if imposed after conviction of a criminal offense, the forfeiture cannot be characterized as a "fine".

The word "fine", however, has not been limited by all courts to purely criminal usage. The court in *State ex rel. Howell County v. West Plains Tel. Co.,* 232 Mo. 579, 135 S.W. 20 (1911), discussed the use of the term "fine" in a corporations statute. Noting that "fine" is often used to indicate a criminal penalty, the court went on to state that "the mere use of the word 'fine' [does not make] it a criminal case." *Id.* at 22. It pointed out that "the indiscriminate use of the words 'penalty,' 'fine,' and 'forfeiture,' make it difficult at times" to determine the form of action as respectively civil or criminal. *Id.* Therefore, the use of the term

"fine" under some circumstances may include civil monetary punishments. It should be noted that this is consistent with the board's own provision for the penalty of a fine in the Police Department Code of Discipline and Ethics. If "fine" has no noncriminal meaning, then that provision for imposition of fines would be superfluous. And so the forfeiture of respondent's compensatory time, despite its noncriminal nature, should probably be characterized as a type of "fine".

■ Assuming then that the forfeiture may be characterized as a "fine" of sorts, the central question remains whether it is the sort of "fine" contemplated by art. 1, sec. 31, of the constitution. Respondent's argument that "a 'fine' is a 'fine' " is superficially appealing, but unsound. The meaning of a term must be determined from the context in which it is used and from the intention of its draftsmen. *See Ex parte Alexander, supra,* 39 Mo.App. at 109. As was noted in *State ex rel. Howell County v. West Plains Tel. Co., supra,* 135 S.W. at 22, terms such as "fine" have been used indiscriminately at times by the legislature. However, a term expressing a constitutional limitation—as does "fine" in art. 1, sec. 31—should be applied only as broadly as is intended by the constitution. The court has the duty to determine the intended parameters of the term and uphold the constitutionality of an otherwise valid action falling outside those parameters.

■ One construction of the term as used in the constitution is that it carries a criminal connotation. Art. 1, sec. 31, groups together the words "fine" and "imprisonment". The constitutional debates appear to indicate that the type of "fine" contemplated is one which could be imposed in lieu of imprisonment, as well as one of which the nonpayment might result in imprisonment. *See* VI Debates of the Missouri Constitution 1943–44, p. 1779. This construction of "fine", paralleling the definitions in *State v. Dishman,* 334 Mo. 874, 68 S.W.2d 797, 798 (1934), and 36A C.J.S. Fines § 1 (1961)—a pecuniary punishment imposed for the violation of a crime or misdemean-

or—is consistent with the notion, also appearing in the debates, that the constitutional provision is meant to highlight the principle that to declare what shall constitute a crime and the punishment therefor is a power vested solely in the legislature and may not be delegated to an administrative body. *See* VI Debates, *supra*, at 1774; Missouri Constitutional Convention 1943–44, File No. 8, pp. 14–15.

Under this construction, the forfeiture of respondent's accumulated compensatory time would not be a "fine" in derogation of art. 1, sec. 31. The St. Louis County Police Department Code of Discipline and Ethics does use some terms such as "punishment" and "offense", often associated with criminal forms of action, but these should not be considered to transform the noncriminal nature of the disciplinary measures into criminal matters.

Fortunately, there is some specific guidance with respect to regulations governing the conduct of a commission's own personnel in the legislative history of the constitutional provision. At one point in the debates, a great deal of concern was expressed regarding how the limitation of art. 1, sec. 31, would have impact upon the disciplinary procedures of the police and fire departments. One delegate noted that the Police Board of St. Louis had a set of disciplinary rules that provided for fines and other means of punishment. Debates, *supra*, at 1831. The delegate feared that the apparent breadth of the proposed provision might make such fines unconstitutional. The ensuing debate was quelled only when another delegate assured the convention that the matter of intradepartmental fines assessed by agencies such as the fire or police departments were *not* covered by the prohibition of art. 1, sec. 31, the delegate stating, Debates at 1836:

"[A] city and even the state itself [are] the same as any other employer and in their dealings with their employees all their laws and regulations, rules are merely a matter of contract of employment, and those so called fines are misnamed. They are merely part of a con-

tract of employment between the city and the [policemen]. They have nothing to do with [this constitutional provision]."
Thus, the action imposing the forfeiture of 175 hours of accumulated compensatory time is outside the scope of the constitutional limitation.

The court holds that the appellant board's action in ordering forfeiture of 175 hours of accumulated compensatory time is not a fine within the meaning of art. 1, sec. 31, Mo.Const., but is discipline the board is lawfully empowered to assess for violation of lawful rules promulgated by it.

The circuit court was in error in holding the board was constitutionally prohibited from assessing, as disciplinary punishment, the loss of compensatory time. This was the only ground stated by the court as the basis for its judgment.

The part of the judgment of the circuit court setting aside the appellant board's order assessing a forfeiture of 175 hours compensatory time is reversed and the cause is remanded with directions to enter judgment in conformity with this opinion.

MORGAN, C. J., DONNELLY, RENDLEN, SEILER, SIMEONE, JJ., and FINCH, Senior Judge, concur.

WELLIVER, J., not participating because not a member of the court when cause was submitted.