CLINTON COMMUNITY SCHOOL DISTRICT, an Iowa School Corporation, Appellee,

v.

Charles R. ANDERSON, Clerk of the District Court in and for Clinton County, Iowa, Appellee,

v.

Maurice E. BARINGER, Treasurer of the State of Iowa, and the Iowa Department of Environmental Quality, Appellants.

No. 67136.

Supreme Court of Iowa.

July 21, 1982.

Thomas J. Miller, Atty. Gen., Mark E. Schantz, Sol. Gen., David M. Fortney, Asst. Atty. Gen., for appellants.

David O. Schaff and Jerry D. Van Scoy, of Schaff, Farwell, & Senneff, Clinton, for appellee.

G. Wylie Pillers, III, Clinton County Atty., for third-party appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, HARRIS, and LARSON, JJ.

HARRIS, Justice.

The question here is whether a money penalty should be paid to a local school district or to the state general fund. The trial court ordered the funds paid to the school district. We think the statute requires that the money be paid to the state's general fund. Hence we reverse the trial court and remand the case for further order.

Chapter 455B, The Code 1981 (environmental quality), establishes a department and a commission to secure a suitable degree of purity in various components, such as air and water, of the human environment. To this end, sanctions are provided by section 455B.49. That section contains six separately numbered paragraphs. Section 455B.49(1), involved here, invokes what it calls a "civil penalty." It provides:

> Any person who violates any provision of part 1 of division III of this chapter or any permit, rule, standard, or order issued under part 1 of division III of this chapter shall be subject to a *civil penalty* not to exceed five thousand dollars for each day of such violation. The *civil penalty shall be an alternative to any criminal penalty* provided under part 1 of division III of this chapter. (Emphasis added.)

The department brought suit against a private corporation under chapter 455B by reason of the discharge of waste or pollutant into the Mississippi River. An injunction was sought and, in a separate division, a monetary penalty under the provision just quoted. That action resulted in a consent decree which imposed a substantial penalty. The funds were accordingly paid to the defendant as clerk of the Iowa district court for Clinton County. The funds were then invested in an interest bearing account.

Demands for surrender of the funds were made both by the Clinton Community School District and by the department of environmental quality. This action was then filed by the school district for declaratory judgment and for writ of mandamus. Defendant clerk cross-petitioned against the Iowa treasurer and the department. The department and state treasurer answered, requesting the fund be paid into the general treasury of the state. As mentioned, the trial court entered judgment awarding the monetary penalty to the county for the benefit of the school fund. The judgment awarded the accrued interest to the general fund of Clinton County. The department appealed. The school district cross-appealed, challenging that part of the decree which awarded accrued interest to the general fund of Clinton County.

I. The parties looked to different statutes. The department, of course, relies on section 455B.49(1). The district relies mainly on section 666.3 which provides:

> All fines and forfeitures, after deducting therefrom court costs, court expenses collectible through the clerk of the court, and fees of collection, if any, and not otherwise disposed of, shall go into the treasury of the county where the same are collected for the benefit of the school fund.

In support of its position the State points to the general principle that, in the absence of a statutory or constitutional provision to

the contrary, penalties belong to the state. 36 Am Jur 2d, Forfeitures and Penalties, § 67 (1968); 70 C.J.S. Penalties § 20 (1951). Iowa has no present constitutional provision providing for the disposition of fines or penalties. The question then narrows and becomes whether the civil penalty under section 455B.49(1) is a fine or forfeiture under section 666.3.

The State focuses on the distinctive language of section 455B.49(1), noting that the legislature took the trouble to describe the penalty imposed by that paragraph as a "civil" one. The description is in marked, and it seems deliberate, contrast with the criminal penalties imposed by the two paragraphs which follow. Under the second paragraph a penalty is imposed for a separate environmental offense; but it is not described as civil. Under the second paragraph a violator "... shall be punished by a fine not to exceed ten thousand dollars for each day of violation." The third paragraph of section 455B.49 imposes a fine for another type of violation under the chapter (false statement, representation, or certification). Again the language clearly invokes a criminal penalty. A violator "... shall upon conviction be punished by a fine of not more than ten thousand dollars or by imprisonment in the county jail for not more than six months or by both such fine and imprisonment."

The school district argues that the "civil penalty" designation in section 455B.49(1) is a mere label. Looking beyond that label the district perceives the provision as penal. The district relies on United States v. Le-Beouf Bros. Towing Co., Inc., 377 F.Supp. 558, 563 (E.D.La.1974), in which a statutory sanction, labeled a civil penalty, was held to be criminal in nature. The district argues that if a statute redresses a public wrong and is enforced by the sovereign it is a penal law. Section 455B.49(1) would meet that definition. It is enforced by the state and, according to section 455B.36(1), the chapter is intended to protect public interest and welfare.

The State counters that the LeBeouf holding was refuted by the United States Supreme Court in United States v. Ward, 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980). Under Ward the question of whether a sanction is civil or criminal is answered by, first, looking to the label. A determination is then made of whether the statutory scheme is so punitive as to negate the intention as expressed in the label. 448 U.S. at 248–49, 100 S.Ct. at 2640–41, 65 L.Ed.2d at 749.

The State's position is unquestionably reinforced by the contrast in labels between the first paragraph of the section and the two which follow. We cannot believe that the shift in labels was accidental and conclude that the legislature intended to adopt a civil, not a criminal, sanction in the first paragraph.

II. Alternatively the district argues that, even if section 455B.49(1) is determined not to be penal, the language of section 666.3 is sufficiently broad to apply to civil as well as criminal penalties. The district also points to other statutes. Under section 302.3 the clerk must pay funds to the county treasurer for benefit of the school fund. Section 666.6 (yearly reports of district court clerks) describes monies which go into the county treasury for the benefit of the school fund as "all fines, penalties, and forfeitures." See also section 333.3(2), The Code, which uses similar language; section 666.6 ("all fines, penalties, and forfeitures").

Cases from our own and other jurisdictions can be found which indicate the terms "fine" and "penalty" have similar meanings. See Mackie v. The Central Railroad of Iowa, 54 Iowa 540, 6 N.W. 723 (1880) (interchangeability of the terms "fine," "penalties," and "forfeitures"); Gunn v. Mahaska County, 155 Iowa 527, 529, 136 N.W. 929, 931 (1912) ("non-penal" fines pass, under section 666.3, to the school fund).

On the other hand cases can be found to indicate the term penalty is broader than and includes the concept of a fine. Sanders v. Pacific Gas & Elec. Co., 126 Cal.Rptr. 415, 425, 53 Cal.App.3d 661 (1975).

In *School Dist. of City of Omaha v. Adams*, 147 Neb. 1060, 1064, 26 N.W.2d 24, 27 (1947), the Nebraska Supreme Court considered a constitutional provision closely analogous to section 455B.49. It held a statutory penalty recovered from an estate of a decedent who had failed to list intangible property for taxation was not a fine payable to a school fund. Rather the penalty entered the state treasury.

Without belaboring the point we think the question is controlled by the specific and contrasting definition of the sanction which was adopted by the legislature. The legislative effort would be rendered meaningless if we held the civil penalty were to be, after all, a criminal fine. And the legislature's efforts would be to little avail if the funds recovered by way of civil penalty were to be paid over in the same manner as criminal fines. We must believe the legislature intended something by the distinction it drew. We hold the civil penalty was not a criminal fine and was not controlled by section 666.3. The trial court erred in determining the funds should have been paid over to the local school fund. It should have been ordered paid directly to the state treasury.

The parties do not seriously dispute the principle that interest normally follows a fine or penalty. *School Dist. of City of Omaha v. Adams*, 26 N.W.2d at 28; *Baxter v. United Forest Products Co.*, 406 F.2d 1120, 1125 (8th Cir. 1969). Accumulated interest should accompany the recovered penalty into the state's general fund. The judgment of the trial court is reversed and the case is remanded for an order in conformance with this opinion.

**REVERSED AND REMANDED.**