In the Matter of the INVESTIGATION OF the HIGHWAY CONSTRUCTION INDUSTRY.

**OFFICE OF ATTORNEY GENERAL, Petitioner,**

v.

**M.J.D., Respondent.**

No. 15301.

Supreme Court of South Dakota.

Argued Sept. 16, 1986.

Decided Nov. 26, 1986.

Camron Hoseck, Asst. Atty. Gen., Pierre, for petitioner; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Thomas K. Wilka of Hagen & Wilka, Sioux Falls, for respondent.

MORGAN, Justice.

The Office of Attorney General (Attorney General) appeals the denial of a petition for enforcement of a civil investigative demand (CID) issued to M.J.D. We affirm.

Attorney General on May 22, 1985, served a CID upon M.J.D. commanding him to appear on July 2, 1985, to be examined under oath. The CID was issued purportedly because Attorney General had information that M.J.D. was involved in, or had information about, suspected highway bidrigging in South Dakota. Attorney General's suspicion of M.J.D. stemmed from the deposition examination of Donald Jerke of Jerke Construction. The testimony that Attorney General claims gave them reasonable cause to believe that M.J.D. had information about bidrigging is set out below.

Q. [Jerke's attorney] In regard to those, perhaps you can just generally discuss what your recollection is about those three jobs.

A. [Jerke] What I can remember of those three jobs, I guess it goes [sic] county category of precast—precast pre-stress. And on this particular one I can recall that I had asked [M.J.D.] ... if he would see if he could see letting me have these projects because—okay, I'll give you the reasons afterwards. At that particular time, as I can remember, he does not—he said that he could not do anything about it, that I would have to talk to the others. I didn't ask him anymore who the others might be. Time frame wise, I say it was somewhere between 8:00 and midnight.

According to Attorney General, M.J.D.'s employer had a history of frequently bidding on highway projects in South Dakota. By way of counsel, M.J.D. objected to the CID and failed to appear as demanded.

The Attorney General subsequently filed a petition for enforcement of the CID with the circuit court. The circuit court conducted a closed hearing on the matter on September 5, 1985, and subsequently refused to order enforcement.

The Attorney General, under SDCL 37–1–11.1, has the authority to issue a so-called civil investigative demand, which is essentially an administrative subpoena, if he "has reasonable cause to believe that a person has information or is in possession, custody, or control of any document or other tangible object relevant to an investigation for violation of this chapter." SDCL 37–1–11.1. The crucial issue for this appeal is whether the Attorney General had the required reasonable cause to believe M.J.D. had information or was in possession of other evidence relevant to Attorney General's investigation.

If a person refuses to comply with a CID, a court may order compliance under SDCL 37–1–11.2. In its inquiry, the court must find: (1) that the demand is proper; (2) that there is reasonable cause to believe there may have been a violation of chapter 37–1; and (3) that the information demanded is relevant to that alleged violation. SDCL 37–1–11.2. In this instance, the court did not need to proceed past the first element before denying enforcement of the CID. In its findings of fact and conclusions of law, the trial court specifically stated: "Although the showing by [Attorney General] is sufficient to demonstrate a 'good faith' belief [that M.J.D.] has information relevant to bidrigging, it is not sufficient to demonstrate 'reasonable cause' to believe he has such information." Since the trial court made such a finding, it is obvious that the court felt the demand was not proper, thus the first element was not met.

 In reviewing the decision of the trial court, we note that the clearly erroneous rule does not apply to holdings based on deposition testimony of a witness who did not personally appear before the trial court. In circumstances such as this, there is no presumption in favor of the trial court's determination. *State v. Abourezk*, 359 N.W.2d 137, 142 (S.D.1984). After reviewing the deposition of Donald Jerke, we are inclined to agree with the trial court. We do not believe the statements made by Jerke in his deposition establish the necessary "reasonable cause" as set forth in SDCL 37–1–11.1.

Attorney General initially claims that the CID should be enforced because similar demands issued under authority of 15 U.S.C. § 1312(a), the federal counterpart to SDCL 37–1–11.1, would likely be enforced in the federal courts. Attorney General would have us interpret these "strikingly similar" statutes in that manner. The South Dakota Attorney General, under SDCL 37–1–11.1, must have a reasonable cause to believe that a person has information or is in possession of evidence that is relevant to an investigation for violation of Chapter 37–1. In contrast, under 15 U.S.C. § 1312(a), the United States Attorney General only has to have reason to believe that the person has information or is in control of evidence relevant to a civil anti-trust investigation.

The difference in these two statutes is obvious. The South Dakota statute requires an *objective* determination of what is reasonable, while its federal counterpart requires only that the United States Attorney General have some *subjective* reason. In view of this telling distinction, federal cases interpreting 15 U.S.C. § 1312(a) are of little value.

Even if the federal cases cited by Attorney General were not distinguishable due to the differences in the statutes, they are distinguishable on their facts. Attorney General repeatedly cites *Petition of Gold Bond Stamp Company*, 221 F.Supp. 391 (D.Minn.1963) in support of its position. While that case contains a good review of the history of the federal statute, it does not discuss what constitutes a reason that

would be sufficient to issue a CID. Attorney General also cites the case of *United States v. Morton Salt Co.*, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950). In that case, a federal court had issued a cease and desist order to Morton Salt. The administrative agency, while investigating compliance with the cease and desist order, issued a CID to Morton Salt. Clearly, the CID in that case is distinguishable from the CID in the instant case. M.J.D. has not even been accused of any wrongdoing by Attorney General, while Morton Salt had already been found to be in violation of a statute prior to issuance of the CID. The administrative agency was simply checking compliance with the court's order.

Attorney General next cites the Minnesota case of *Kohn v. State by Humphrey*, 336 N.W.2d 292 (Minn.1983), to bolster its argument. Attorney General claims that the Minnesota statute discussed in *Kohn* is very similar to SDCL 37–1–11.1. The Minnesota statute, according to the Attorney General's brief, "requires that the attorney general have 'reasonable ground' [sic] to believe *that someone has information.*" (Emphasis added.) Minnesota statute § 8.31 subd. 2 (1982), actually states that the attorney general must have a "reasonable ground *to believe that any person has violated, or is about to violate, any laws of this state referred to in subdivision 1.*" (Emphasis added.) The Minnesota statute, as we view it, is actually much more stringent than its South Dakota counterpart. It is one thing to have a reasonable ground to believe someone has information, but it is quite another to have a reasonable ground to believe that there has been a violation of a statute.

Finally, Attorney General claims that the CID process is analogous to the grand jury process. We find this analogy inapposite. There are many differences between a grand jury and an attorney general's investigation. Initially, a grand jury can be summoned, "only when it appears to the circuit judge's satisfaction that a grand jury is necessary or desirable for the investigation of public offenses or misconduct in office." SDCL 23A–5–1. The court must

also charge the grand jury and "[i]n so doing, the court shall give the members such information as it may deem proper as to the nature of their duties, and as to any charges for public offenses returned to the court or likely to come before the grand jury." SDCL 23A–5–8. This crucial judicial oversight is lacking when Attorney General issues a CID.

We affirm the refusal to enforce the CID.

HENDERSON, FOSHEIM and SABERS, JJ., concur.

WUEST, C.J., concurs in result.

WUEST, Chief Justice (concurring in result).

I concur in the result. The issue is whether there was "... reasonable cause to believe there may have been a violation...." SDCL 37–1–11.2. The trial court held there was not. That is a question of law which is fully reviewable by this court. *Johnson v. Skelly Oil Co.*, 359 N.W.2d 130 (S.D.1984). The testimony upon which the Attorney General relies is vague, indefinite, and subject to different interpretations; therefore, the trial court should be affirmed.