# IN THE SUPREME COURT OF IOWA

No. 32 / 04-1692

Filed August 3, 2007

STATE OF IOWA ex rel. **THOMAS J. MILLER,**
**ATTORNEY GENERAL OF IOWA**,

> Appellee,

vs.

**SMOKERS WAREHOUSE CORP.** and **BRUCE VOGEL**,

> Appellants.

---

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

Defendants appeal from a district court order directing them to comply with civil investigative demands issued by the Iowa Attorney General. **AFFIRMED.**

Daniel B. Shuck and Jeana L. Goosmann of Heidman, Redmond, Fredregill, Patterson, Plaza, Dykstra & Prahl, L.L.P., Sioux City, and Leonard Violi, Mamaroneck, New York, for appellants.

Thomas J. Miller, Attorney General, and Steve St. Clair, Assistant Attorney General, for appellee.

**TERNUS, Chief Justice.**

The appellants, Smokers Warehouse Corp. and its owner/president, Bruce Vogel, appeal from a district court order granting the State's application to enforce civil investigative demands issued by the appellee, Iowa Attorney General Thomas J. Miller, under the authority of the Iowa Consumer Fraud Act, Iowa Code section 714.16 (2003). Smokers Warehouse and Vogel challenge the Attorney General's authority to issue a civil investigative demand under the Act and assert section 714.16 violates their due process rights. We affirm.

## I. Background Facts and Proceedings.

In 2003 the Iowa Attorney General filed a consumer fraud lawsuit against Smokers Warehouse Club, Inc., an Illinois corporation. The State alleged Smokers Warehouse Club had misled Iowa residents by falsely advertising that Iowans could purchase tax-free cigarettes from the defendant through the mail. In addition, the State alleged Smokers Warehouse Club had failed to exercise due care to ensure that minors did not purchase cigarettes from the company. This lawsuit was dismissed without prejudice upon the motion of Smokers Warehouse Corp., a Mississippi corporation, based on the State's failure to name and serve the proper entity.

Rather than re-filing the lawsuit against the proper defendant, the Attorney General employed the investigative tools of the Consumer Fraud Act by sending civil investigative demands (CIDs), which were substantially the same, to Smokers Warehouse Corp. and to its owner/president, Bruce Vogel. These CIDs requested information and records regarding the corporate structure and control of Smokers Warehouse Corp., its advertising and sales to Iowans, and its policies and practices relating to excise tax compliance and the prevention of underage cigarette sales.

Smokers Warehouse Corp. and Vogel filed a motion for protective order in the dismissed action, which the court denied on the basis there was no pending lawsuit.

These parties persisted in their refusal to respond to the CIDs, so on June 30, 2004, the State filed an "application to enforce consumer fraud subpoena," in which the State asked the court to direct the defendants, Smokers Warehouse Corp. and Vogel, to comply with the CIDs. The defendants filed a resistance and a request for a protective order. Thereafter, the district court entered a ruling, concluding the requirements of due process had been satisfied and there was no Fourth Amendment violation. The district court granted the State's application to enforce, subject to specific limitations, and enjoined the defendants from selling or advertising any merchandise in or from Iowa or to Iowa residents should the defendants fail to comply with the CIDs.

The defendants appeal from this order. They raise two main issues. First, they claim the Attorney General is without authority to issue a CID in a consumer fraud investigation, and consequently, the State has violated the defendants' Fourth Amendment rights by conducting an impermissible search. Second, the defendants claim Iowa Code section 714.16 violates the Due Process Clause because it does not require reasonable cause as a condition of issuance of a CID.

## II. Scope of Review.

We will review the defendants' first assignment of error, grounded in statutory interpretation, for correction of errors of law. *See State v. Wolford Corp.*, 689 N.W.2d 471, 473 (Iowa 2004). To the extent the defendants' claims are based upon the Due Process Clause and the Fourth Amendment, our review is de novo. *See State ex rel. Miller v. Pace*, 677 N.W.2d 761, 767 (Iowa 2004).

### III.  Authority to Issue CID Under Section 714.16.

Iowa's Consumer Fraud Act is found in Iowa Code section 714.16. Subsection (3) of this section specifies various actions the Attorney General may take when he believes that a person may be engaging in a practice prohibited by the Act.  *See* Iowa Code § 714.16(3).  Such actions include requiring the suspected violator to give a statement or report under oath upon forms prescribed by the Attorney General concerning that person's sale or advertisement of merchandise; examining under oath any person concerning such sale or advertisement; examining merchandise, records, documents, accounts, or papers; and pursuant to court order, impounding "any record, book, document, account, paper, or sample of merchandise that is produced in accordance with this section." *Id.*  In addition to these powers, the statute further provides:

> To accomplish the objectives and to carry out the duties prescribed by this section, the attorney general, in addition to other powers conferred on the attorney general by this section, *may issue subpoenas to any person,* administer an oath or affirmation to any person, conduct hearings in aid of any investigation or inquiry, prescribe such forms and promulgate such rules as may be necessary, which rules shall have the force of law.

*Id.* § 714.16(4)(*a*) (emphasis added).  To aid in the enforcement of these investigative powers, the legislature provided for court assistance in the event "a person fails or refuses to file a statement or report, or obey any subpoena issued by the attorney general." *Id.* § 714.16(6).

The defendants claim this statute does not authorize the Attorney General to issue a civil investigative demand because nowhere in section 714.16 is there any mention of "civil investigative demands." They complain the CIDs are essentially "civil interrogatories and requests for production that are not authorized by the legislature."  We think the defendants' reading of the statute is too narrow and restrictive.

While it is true section 714.16 does not use the term "civil investigative demand," the Attorney General is given express authority to issue subpoenas. *See id.* § 714.16(4)(*a*). A "civil investigative demand . . . is essentially an administrative subpoena." *Office of Attorney Gen. v. M.J.D. (In re Investigation of Highway Constr. Indus.),* 396 N.W.2d 757, 758 (S.D. 1986). In addition, the following provision in essence gives the Attorney General statutory authority to require the subject of an investigation to answer questions akin to civil interrogatories:

> [T]he attorney general may:
>
> *a.* Require such person to file on such forms as the attorney general may prescribe a statement or report in writing under oath or otherwise, as to all the facts and circumstances concerning the sale or advertisement of merchandise by such person, and such other data and information as the attorney general may deem necessary.

Iowa Code § 714.16(3)(*a*). The defendants do not dispute that the questions propounded in the CIDs seek information related to the defendants' sale or advertisement of cigarettes in Iowa.

Finally, we also reject the defendants' contention that the Attorney General's investigative powers under the Consumer Fraud Act do not include the authority to request the production of documents. As noted above, section 714.16(3) authorizes the Attorney General to "[e]xamine any . . . record, book, document, account or paper" and to obtain a court order impounding "any record, book, document, account, [or] paper . . . that is *produced* in accordance with this section." *Id.* § 714.16(3)(*c*), (*d*) (emphasis added). Clearly, the legislature contemplated that the Attorney General's examination of documents would necessitate the production of those documents. Moreover, courts are reluctant to interfere with an agency's use of its subpoena power other than to preserve due process rights. *See Iowa*

*Civil Rights Comm'n v. City of Des Moines/Personnel Dep't*, 313 N.W.2d 491, 495 (Iowa 1981).

In conclusion, to adopt the defendants' argument would place form over substance, a result inconsistent with the broad interpretation historically given to the investigative powers of administrative agencies in general and to the investigative powers authorized by the Consumer Fraud Act in particular. *See State ex rel. Miller v. Publishers Clearing House, Inc.*, 633 N.W.2d 732, 737, 738 (Iowa 2001) (describing investigative powers under the Consumer Fraud Act as broad and plenary); *Iowa Civil Rights Comm'n*, 313 N.W.2d at 495 ("Administrative agencies are normally invested with broad investigative powers to enable them to effectively carry out their legislative mandates."). Consequently, we conclude the Attorney General had the authority to issue civil investigative demands that included interrogatories and requests for production. Because we have concluded that the CIDs issued by the Attorney General were within his statutory authority, we need not address the defendants' contention that the CIDs constituted an unauthorized search that violated their Fourth Amendment rights.

**IV. Due Process.**

The defendants also claim section 714.16 violates their due process rights because it fails to require the Attorney General to have "reasonable cause" to initiate an investigation. "We presume statutes are constitutional." *Krull v. Thermogas Co.*, 522 N.W.2d 607, 614 (Iowa 1994). Consequently, "[t]he challenger must show beyond a reasonable doubt that a statute violates the constitution." *Bowers v. Polk County Bd. of Supervisors*, 638 N.W.2d 682, 688 (Iowa 2002).

The Due Process Clause has been interpreted to have both substantive and procedural components, with different analytic frameworks

applied depending upon whether a substantive or procedural violation is alleged. The defendants do not clearly identify the nature of their claim, but we assume it is a substantive due process argument because they do not discuss any notice or hearing deficiencies in section 714.16. *See generally id.* at 690-91 (noting procedural due process requires notice and an opportunity to be heard).

> "[The] substantive due process doctrine 'does not protect individuals from all governmental actions that infringe liberty or injure property in violation of some law.' Rather, substantive due process is reserved for the most egregious governmental abuses against liberty or property rights, abuses that 'shock the conscience or otherwise offend . . . judicial notions of fairness . . . [and that are] offensive to human dignity.' With the exception of certain intrusions on an individual's privacy and bodily integrity, the collective conscience of the United States Supreme Court is not easily shocked."

*Blumenthal Inv. Trusts v. City of W. Des Moines*, 636 N.W.2d 255, 265 (Iowa 2001) (quoting *Rivkin v. Dover Twp. Rent Leveling Bd.*, 671 A.2d 567, 575 (N.J. 1996)).

A substantive due process analysis begins with an identification of the nature of the right at issue, as that determines the test to be applied. *Bowers*, 638 N.W.2d at 694. Here, the right at stake is the corporation's right of privacy. When, as in this case, a fundamental right is not involved, the Due Process Clause "demands no more than a 'reasonable fit' between government purpose . . . and the means chosen to advance that purpose." *Reno v. Flores*, 507 U.S. 292, 302, 305, 113 S. Ct. 1439, 1447-49, 123 L. Ed. 2d 1, 18 (1993).

Turning to the Iowa statute, we note it employs a subjective standard for the commencement of an inquiry, allowing the Attorney General to investigate

> *[w]hen it appears to the attorney general* that a person has engaged in, is engaging in, or is about to engage in any practice declared to be unlawful by this section or *when the attorney general believes* it to be in the public interest that an investigation should be made to ascertain whether a person in fact has engaged in, is engaging in or is about to engage in, any such practice[.]

Iowa Code § 714.16(3) (emphasis added). While the defendants have cited to several consumer fraud statutes from other states that require the attorney general in those states to have reasonable cause to believe a violation has occurred, they have pointed to no case that holds the Due Process Clause mandates this standard. In fact, the United States Supreme Court appears to have rejected a similar argument in *United States v. Morton Salt Co.*, 338 U.S. 632, 70 S. Ct. 357, 94 L. Ed. 401 (1950).

In *Morton Salt*, the corporate defendants challenged the authority of the Federal Trade Commission to issue an order requiring them to make "highly particularized reports to show continuing compliance with [a consent] decree." 338 U.S. at 636, 70 S. Ct. at 361, 94 L. Ed. at 407. In concluding the order did not exceed the agency's authority, the Supreme Court stated that "an administrative agency charged with seeing that the laws are enforced . . . is more analogous to the Grand Jury, which . . . can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *Id.* at 642-43, 70 S. Ct. at 364, 94 L. Ed. at 411. The Court went on to reject a due process challenge made to the Commission's order, stating:

> Even if one were to regard the request for information in this case as caused by nothing more than official curiosity, nevertheless law enforcing agencies have a legitimate right to satisfy themselves that corporate behavior is consistent with the law and the public interest.

*Id.* at 652, 70 S. Ct. at 369, 94 L. Ed. at 416.

We conclude there is a reasonable fit between the legislative purpose to eliminate consumer fraud and the authorization of the Attorney General to investigate a person when he "believes" that person has violated the law. The defendants have failed to establish beyond a reasonable doubt that section 714.16(3) violates their substantive due process rights by failing to impose an objective, reasonable-cause standard for the initiation of an investigation.

## V.  Conclusion.

The Attorney General has authority under the Consumer Fraud Act, Iowa Code section 714.16, to issue a civil investigative demand that includes questions in the nature of civil interrogatories and requests for production.  The  State's ability to undertake an investigation of possible consumer fraud upon the Attorney General's belief that a violation has occurred, as opposed to the existence of reasonable cause to believe a violation has occurred, does not violate substantive due process.  The district court did not err in ordering the defendants to comply with the CIDs issued by the Attorney General, subject to the limitations imposed by that court.

**AFFIRMED.**

All justices concur except Appel, J., who takes no part.